# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLY MAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 19-1330-TC-KGG |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER GRANTING
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now before the Court is a motion filed by Defendant City of Wichita seeking a protective order precluding Plaintiff Kelly Mar from discovery on certain requested topics from a Rule 30(b)(6) deposition notice. (Doc. 66; *see also* Doc. 49.) Plaintiff has responded (Doc. 75) and Defendant submitted a reply. (Doc. 79.) Having reviewed the submission of the parties, Defendant's motion is **GRANTED** for the reasons set forth below.

## BACKGROUND

**I. Nature of Case.**

Plaintiff, who is an Asian female over the age of 40, was employed by the Defendant Wichita, Kansas, Police Department from 1996 until her allegedly

1

wrongful firing in 2014. Her employment with Defendant was reinstated in 2015 under a labor arbitration decision. (*See* Doc. 8.)

Plaintiff brings her federal court Complaint alleging that she was held to "different standards" in her work as a result of her race, national origin, age, and gender. (*Id*., at 5.) She contends that Defendant more closely scrutinized her performance than that of younger, male, Caucasian comparable employees. (*Id*., at 2.) She further alleges that she was denied promotion due to her race and sex, while less experienced, male, Caucasian employees were routinely promoted. (*Id*., at 2, 4; Doc. 67, at 2.)

Plaintiff further alleges that she was subjected to a hostile work environment and other discriminatory acts, including unfounded complaints about her work and the circulation of a "derogatory meme" depicting her. (*Id*., at 2, 3.) She alleges that the meme was created by younger, male coworkers and shared via text message among relevant decisionmakers and coworkers/comparators. (*Id*., at 3.) She contends that her requests to see the accompanying text chain have been refused. (*Id*.)

Plaintiff continues that she was retaliated against as a result of the complaints she made to Defendant and the Kansas Human Rights Commission. (*Id*., at 2.) She also contends she was disciplined over inconsequential or untrue

occurrences such as being "rude" to a secretary, talking about her dog, and failing to greet coworkers in the parking garage. (*Id*., at 2, 3, 4.)

## II.    Motion at Issue.

The present motion arises from Defendant's response to Plaintiff's Rule 30(b)(6) deposition notice outlining 47 topics. (Doc. 67, at 3-5; Doc. 49.) At issue are nine of the deposition topics, discussed in the legal analysis section, below. Defendant generally objects that these topics are irrelevant to Plaintiff's claims, constitute an abuse of the discovery process, and the topics are based on speculation, gossip, and rumor. (Doc. 67, at 8; Doc. 79, at 1.)

Plaintiff responds that the requests are relevant because her employing unit is the Wichita Police Department, which narrows the scope of discovery. (Doc. 75, at 2.) Plaintiff further argues that the requests are proportional because "[a]n action to vindicate a citizen's civil rights is considered highly important."[1] (*Id.*, at 3 (citing in **Lawson v. Spirit AeroSystems**, *Inc.*, No. 18-1100-EFM-ADM, 2020 WL 3288058 at *11 (D. Kan. June 18, 2020)).)

## ANALYSIS

## I.    Legal Standard

Fed.R.Civ.P. 26(b)(1) states that

---

[1] Because the Court determines with this Order that the information requested by these nine deposition topics bears no relevance to Plaintiff's claims, the Court need not address the issue of proportionality.

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable. (*Id*.)

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> [a] party or any person from whom discovery is sought
> may move for a protective order in the court where the
> action is pending.... The motion must include a
> certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an
> effort to resolve the dispute without court action. The
> court may, for good cause, issue an order to protect a
> party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." **Layne Christensen Co. v. Purolite Co.**, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting **Seattle Times Co. v. Rhinehart**, 467 U.S. 20, 36 (1984)). *See also* **Thomas v. IBM**, 48 F.3d 478, 482 (10th Cir. 1995); **Terry v. Unified Gov't of**

*Wyandotte Co.*, No. 09-2094-EFM-KGG, 2011 WL 795816 (D. Kan. March 1, 2011).

The party seeking to quash a notice of deposition must show "good cause" for the requested protective order. *Id.*; ***Sloan v. Overton***, No. 08–2571–JAR–DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the movant "must clearly define the potential injury to be caused by requested discovery." ***Purewave Networks, Inc. v. Stutler Tech. Corp.***, No. 13-2181-EFM-KGG, 2013 WL 6179183 at *1 (D. Kan. Nov. 25, 2013). Further, "the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" ***hibu Inc. v. Peck***, No. 16-1055-JTM-TJJ, 2017 WL 2831511 at *2 (D. Kan. June 30, 2017) (citation omitted). A court may issue a protective order only if it would protect the party from "[a]nnoyance, embarrassment, oppression, or undue burden or expense." ***In re Cessna 208 Series Aircraft Prods. Liab. Litig.***, No. 05-1721-KHV-DJW, 2008 WL 5132686 at *1 (D. Kan. 2008). Within this context, the Court addresses the various topics at issue.

A. **Topic 28.**

Topic 28 seeks a deponent as to the "facts, circumstances, events, and occurrences regarding any mandate, command or admonition that [Defendant has] conveyed, which prohibits or counsels against WPD personnel communicating or

working with Wendy Hummel," a former detective with the WPD.  (Doc. 49, at 8.)  Defendant contends that this request is irrelevant because "nothing in the document establishes hostility towards Hummel on the basis of gender, race, age or other protected class," which Plaintiff is alleging she endured.  (Doc. 67, at 8.)

Plaintiff argues that the information requested is relevant because Hummel was told by WPD staff that they are not to work with her, as she is now with the Sheriff's Department.  (Doc. 75, at 14.)  Plaintiff continues that the information requested is relevant because Hummel was shunned by WPD's upper management similar to Plaintiff.  (*Id.*, at 14-15.)  Defendant replies that there is nothing to suggest that Hummel was overlooked for a promotion or discriminated against based on her sex.  (Doc. 79, at 2.)

Plaintiff's claims result from her alleged denial of a promotion to sergeant based on her protected statuses.  (Doc. 67, at 2; *see generally* Doc. 8.)  The information Plaintiff seeks in this deposition topic involves Hummel's experience with the Wichita Police Department, including being shunned.  However, the information does not relate to how – if at all – Hummel experienced discrimination or was denied a promotion.  Topic 28 is, therefore, irrelevant to Plaintiff's claims.  Defendant's motion is **GRANTED** as to Topic 28.

B. **Topic 34.**

Topic 34 seeks a deponent regarding "Valerie Shirkey's emails with Gordon Ramsay and others from December 2016," including Ms. Shirkey's "allegations of dishonesty against Lt. Todd Ojile and Det. Tim Relph … ." (Doc. 49, at 9-10.) Defendant contends that the information sought by Plaintiff is irrelevant for two reasons. First, the emails in question occurred under a prior police administration before Chief Ramsay's employment with Defendant. (Doc. 67, at 9.) Thus, none of the decisionmakers relating to Plaintiff were involved in Shirkey's situation. (*Id.*) Second, Defendant argues that nothing in the document shows that Shirkey was passed over for a promotion or that she faced discrimination by the City "on the basis of gender, race, age or other protected class." (*Id.*)

Plaintiff argues that the request is relevant because Chief Ramsay claimed he would have someone look into the alleged false testimony given but cannot confirm if it was addressed by the WPD's Professional Standards Bureau ("PSB"). (Doc. 75, at 15.) She contends that if officers were not disciplined for allegedly lying in court, then this "[c]asts doubt on the City's stated reasons for its actions against [her]." (*Id.*) Defendant counters that Plaintiff has failed to establish relevance because the contents of the email "suggest nothing about sex discrimination or failure to promote." (Doc. 79, at 2.)

The Court finds that Topic 34 is irrelevant. The information requested occurred before Ramsay joined the Wichita Police Department and involves

7

different decisionmakers than those involved with Plaintiff's employment. Further, there no evidence that this document relates to or evidences hostility towards Shirkey based on her race, gender, age, or other protected class, or that she was passed over for a promotion. Defendant's motion is **GRANTED** as to Topic 34.

**C.    Topic 35.**

This topic seeks a deponent regarding the "facts, circumstances, events, and occurrences regarding any recent misconduct by Sgt. Jeremy Vogel, any investigation, and outcomes of same."[2] (Doc. 49, at 10.) Defendant admits that Vogel was promoted from Detective to Sergeant during one of the cycles that Plaintiff applied for promotion. (Doc. 67, at 11.) Even so, Defendant argues that Plaintiff's request is irrelevant because "[e]ven if Vogel had committed misconduct in 2021, such misconduct has no bearing on the promotion decision made in 2017." (*Id.*)

Plaintiff argues that this information is relevant because Sgt. Vogel, who was Oldridge's direct supervisor, gave inconsistent testimony during the PSB's

---

[2] According to Defendant, the Vogel documents relate to him serving as a witness in another grievance matter in which Plaintiff's counsel represents the employee (Lance Oldridge, a white male). Plaintiff Mar "produced" Vogel's testimony in Oldridge's grievance hearing, Vogel's interview transcript from the internal investigation by WPD resulting in Oldridge's termination, and Defendant's brief in arbitration on the Oldridge matter citing Vogel's arbitration testimony. (Doc. 67, at 10.)

investigation of Oldridge as to whether he coached and/or mentored Oldridge in order to avoid having to discipline him. (Doc. 75, at 15.) Plaintiff indicates that "[k]nowingly departing from the truth" is a fireable offense under Defendant's policies. (*Id*., at 15-16.) She thus inquires, "[i]f Sgt. Vogel was not disciplined over this, then why would WPD discipline [Plaintiff] for the way she looked at someone?" (*Id*., at 16.)

The Complaint is devoid of any allegation that she was disciplined for the way Plaintiff allegedly "[l]ooked at someone." (*See generally* Doc. 8.) Even if Sgt. Vogel's actions were arguably "worse" than Plaintiff's, they in no way relate to or are comparable to the allegations contained in Plaintiff's Complaint. Topic 35 is irrelevant to Plaintiff's claims and this portion of Defendant's motion is **GRANTED**.

   D.   **Topic 36**.

Topic 36 seeks a deponent regarding a 2021 letter allegedly sent by Wanda Givens to Lance Oldridge. (Doc. 49, at 10.) Defendant argues that this request is not relevant because it appears Plaintiff's counsel is merely attempting to "get a head start" in another case in which they represent Lance Oldridge. (Doc. 67, at 12.) Defendant contends that this request is "[u]nrelated" to Plaintiff or her and "is contrary to the federal rules and established precedent." (*Id.*)

Plaintiff responds that she is entitled to know whether Deputy Chief Givens was disciplined for sending a threatening letter to Det. Lance Oldridge. (Doc. 75, at 16.) Specifically, Plaintiff claims Defendant and WPD have strict policies against retaliation, and Givens "[i]s subject to the same disciplinary standards as [Plaintiff] and Ramsay is the ultimate decision maker." (*Id.*)

Defendant replies that whether Givens was disciplined or reprimanded is irrelevant to this case. (Doc. 79, at 2.) The Court agrees. The requested information does not relate to or involve Plaintiff, allegations of sex discrimination, or the failure to promote based on protected status. (*Id.*, at 3.) Defendant's motion is **GRANTED** as to Topic 36.

E. Topic 39.

This topic seeks a deponent regarding the facts surrounding any promotions received by Larry Carlson, including any investigation he may have been under during the last two years. (Doc. 49, at 10.) Defendant argues that this request is irrelevant because Carlson "has no bearing on" Plaintiff's claims because he was not promoted over Plaintiff, was not involved in any complaints or grievances relating to Plaintiff, and is not listed as a witness in her Rule 26(a) disclosures. (Doc. 67, at 13.)

Plaintiff contends that this request is relevant because Carlson, who was alleged to have been promoted recently, allegedly used his resources as an officer

10

to find information for a relator friend. (Doc. 75, at 16.) She continues that prior witnesses for Defendant could not recall that this occurred, but offered to review paperwork to help refresh their memories. (*Id.*) She further contends that deposing a representative of the City would force the City to research its files regarding these matters. (*Id.*)

It is uncontested that Carlson was not promoted over Plaintiff, nor was he her comparator. (Doc. 79, at 3.) Plaintiff has failed to establish how such information, even if true, is relevant to this case. Defendant's motion is **GRANTED** as to Topic 39.

F. **Topic 40.**

This topic asks for a deponent as to any alleged misconduct by Sgt. Mark Jackson "involving a then-social worker" employed by Wichita public schools, and any resulting action taken by Captain Salcido. (Doc. 49, at 11.) Defendant argues that this request, similar to Topic 39, should not be discoverable because Jackson was not promoted over Plaintiff, has never been involved in any of her internal complaints, and is not listed as a witness in her Rule 26(a) disclosures. (Doc. 67, at 14.)

Plaintiff responds that this topic is discoverable and relevant because it seeks information regarding a retired officer who was not disciplined for pursuing a social worker at her place of employment, which resulted in the social worker

11

filing a complaint. (Doc. 75, at 17.) Plaintiff alleges that Salcido "[b]rokered a deal to resolve the situation without formal action by WPD." (*Id.*) She contends that Salcido has always been first to "[j]ump on any alleged misconduct" by Plaintiff and thus this request would demonstrate that WPD's reasons for how it treated her are not credible. (*Id.*)

Defendant replies that the officer at issue was not promoted over Plaintiff and the situation did not involve alleged discrimination. (Doc. 79, at 3.) Defendant further explains that Plaintiff has already done some discovery on this topic during a prior deposition and that allowing an additional deponent would not be proportional to the needs of this case. (*Id.*)

The Court finds Topic 40 to be irrelevant for two reasons. First, Jackson was not promoted over Mar, as Defendant notes. (*Id.*) Second, even if Salcido did "broker a deal" with the WPD to avoid formal action against Jackson, that has no relevance on Plaintiff's claims and allegations. Defendant's motion is **GRANTED** as to Topic 40.

### G. Topic 42.

Topic 42 seeks a deponent as to a discrimination complaint filed by Casey Slaughter regarding Wanda Givens, any conversations between WPD and Slaughter as to revisions to his evaluation, and any conversations between WPD

and Slaughter as to "dropping his discrimination complaint." (Doc. 49, at 11.) Defendant states that

> [d]espite the utter irrelevance of Slaughter's years old complaint, the Defendant allowed questioning of Deputy Chief Pinkston about Lt. Slaughter and even produced … the performance evaluation written by Deputy Chief Parker-Givens which was the subject of Slaughter's complaint … .

(Doc. 67, at 15.)

Defendant argues that "[n]othing about Slaughter's complaint has any bearing on [Plaintiff's] promotion attempts or the employment decisions of the Defendant." (*Id*.) Defendant points out that Slaughter never complained that he was subject to race, age, or gender discrimination in the promotion process. (*Id.*) Slaughter was not promoted over Plaintiff, was not involved in any of her internal complaints, and is not listed as a witness in any Rule 26(a) disclosures. (*Id.*)

Plaintiff responds that this request is relevant because Deputy Chief Pinkston confirmed in his deposition that "1) he offered to request that Chief Ramsay review the evaluation, and 2) he requested that Slaughter drop the complaint." (Doc. 75, at 17.) Therefore, Plaintiff contends that this "information is relevant because it shows what WPD will do to protect Givens, a key witness in this case." (*Id*.) Defendant replies that Deputy Chief Givens' "[p]ersonnel history and discipline is of no consequence" to Plaintiff's case. (Doc. 79, at 3.)

The Court agrees with Defendant that the information sought by Topic 42 is irrelevant. Even if it is true that Defendant will go to "great lengths" to protect Deputy Chief Givens, Plaintiff has failed to establish how this supports or relates to her claims of discrimination and retaliation. Defendant's motion is **GRANTED** as to Topic 42.

**H.     Topic 46 and Topic 47.**

Topic 46 seeks a deponent regarding the policies, practices, and procedures concerning Axon video, including editing and/or manipulation of the video before turning it over to the District Attorney as part of a criminal investigation. (Doc. 49, at 12.) Topic 47 seeks a deponent regarding the facts surrounding any inappropriate comments made by Brian Bachman, which were captured on Axon camera in August 2020, and whether the recorded comments were edited or manipulated in any way. (*Id*.)

Defendant argues that Topic 46 is irrelevant for two reasons. First, the request is merely an attempt to embarrass Defendant. (Doc. 67, at 16.) Second, nothing in Plaintiff's claims or allegations relates to AXON video and she has not produced any documentation regarding AXON video manipulation. (*Id.*) As for Topic 47, Defendant argues that, even if Bachman was recorded making inappropriate comments, this information bears no relevance to Plaintiff's claims

14

and allegations. (*Id.* at 17.) Defendant describes these allegations as unfounded, unsupported, and an attempt to smear Defendant. (*Id.*)

According to Plaintiff, the information is relevant because Bachman made "[c]rude, off-color remarks [regarding] . . . [a] female victim" that were captured on his Axon camera. (Doc. 75, at 18.) This was passed along to Deputy Chief Pinkston, who stated that he could have mitigated the discipline if it were not caught on camera. (*Id.*) Plaintiff contends the evidence in this lawsuit demonstrates that "[P]inkston will go out of his way to harm [Plaintiff], so his mitigation efforts to aid male officers are clearly relevant to [her] case." (*Id.*)

The Court finds that Topics 46 and 47 are irrelevant. Even if it is true that Bachman made inappropriate comments that were recorded – and ultimately manipulated – Plaintiff has failed to establish any relevance to the claims and allegations of discrimination and retaliation contained in her Complaint. Defendant's motion is **GRANTED** as to Topics 46 and 47.

## II. Request for Fees.

Defendant next seeks its attorney fees for the time spent preparing its motion for the Protective Order. (Doc. 67, at 18.) Pursuant to the Federal Rules of Civil Procedure, if a motion for a protective order is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

15

> both to pay the movant's reasonable expenses incurred in
> making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5). Fees are not appropriate if the actions of the party responding to the motion were "substantially justified." *Id*.; *see also* **Meyer v. United States**, No. 16-2411-KGG, 2017 WL 735750, at *5 (D. Kan. Feb. 24, 2017) (discussing the "substantially justified" standard in the context of a motion to compel discovery).

Defendant argues that despite the informal conference the parties had with the Court – and the recommendations the Court gave therein – Plaintiff "continues to request discovery on topics unrelated to her case and merely to serve as harassing or abusive discovery." (Doc. 67, at 20.) Defendant contends Plaintiff's actions "required [Defendant] to seek court intervention to stop this needless discovery." (*Id*.)

As evidenced by its ruling herein, the Court agrees. Defendant has specifically detailed each of the nine topics for which it seeks a Protective Order. (*See generally* Doc. 67.) As to each topic, Defendant contends that the "need for discovery on these issues is completely outweighed by the prejudice to Defendant in incurring the expense of locating a proper corporate designate, preparing them for deposition, and then participating in the deposition process." (*Id*., at 18.) Defendant continues "Plaintiff seeks to compel the City to provide a witness to talk

about private personnel matters with no logical reason beyond seeking to embarrass and harass current and former police employees." (*Id*., at 20.)

With the possible exception of Topic 28, Plaintiff's arguments that the topics are relevant to issues in this case are not colorable. However wrongful Defendant's treatment of Plaintiff may have been, general evidence that other employees who performed poorly fared better is not relevant when those matters do not relate to the events at issue or even the types of claims in this case. Two of the requests (Topics 35 and 36) relate to the claims of a different client of Plaintiff's counsel. The requests are so untethered to Plaintiff's claims that the Court is forced to agree with Defendant that they are more intended to malign Defendant generally than to develop relevant evidence.

Given the facial irrelevance of the topics, taken with Defendant's efforts to confer as well as the parties' informal conference with the Court on these issues, the Court finds Plaintiff's actions were not substantially justified. An award of fees is therefore necessitated. This portion of Defendant's motion is **GRANTED**. The parties are instructed to confer concerning that amount consistent with this Court's procedure for awarding statutory fees specified in D. Kan. Rule 54.2. *Meyer*, 2017 WL 735750, at *5.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 66) is **GRANTED** as set forth more fully herein.

IT IS SO ORDERED.

Dated this 13th day of July, 2021, at Wichita, Kansas.

                                        s/ KENNETH G. GALE
                                      HON. KENNETH G. GALE
                                      U.S. MAGISTRATE JUDGE