FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 26, 2023**

Christopher M. Wolpert
Clerk of Court

KELLY MAR,

    Plaintiff - Appellant,

v.

CITY OF WICHITA, KANSAS,

    Defendant - Appellee.

No. 22-3137
(D.C. No. 6:19-CV-01330-TC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **ROSSMAN**, Circuit Judges.
_____

## I.    Introduction

Kelly Mar was employed by the City of Wichita as a police detective in 2017 when she sought promotion to sergeant. The Wichita Police Department ("WPD") uses a year-long promotion cycle, which ranks applicants based on several factors and selects candidates as positions become available throughout the year. During the 2017–2018 hiring period, Mar ranked eighth out of fifteen sergeant applicants.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Throughout the cycle, the WPD filled positions with the candidates ranked first through seventh, all of whom were male. Despite an eighth and final vacancy arising shortly before the end of the hiring period, the Department elected not to fill the opening until the following cycle. Mar alleged the City engaged in gender discrimination by failing to promote her to this position. The district court disagreed and granted summary judgment to the City. It determined Mar failed to establish a prima facie case because she was not rejected for promotion during the cycle. We agree and conclude the evidence presented does not elicit the necessary inference of discrimination required for Title VII claims. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's judgment.

## II.   Background

Mar began working for the WPD as an officer in 1996 and was promoted to detective in 2004. In 2008, she was promoted again to sergeant, but "self-demoted" back to detective two years later. During the hiring cycle at issue, from 2017 to 2018, Mar served as a detective under the supervision of Chief of Police Gordon Ramsay. Mar timely reapplied for the position of sergeant during the 2017–2018 promotion period. She did not apply for the position during the following 2018–2019 cycle.

Promotion protocol at the WPD is governed by union contract. Each promotion cycle runs for 365 days, starting from March 1 and continuing through February 28 of the following year. To be considered for promotion, sergeant candidates must apply, take a written test, and complete an interview process. Applicants are scored and ranked based on (a) seniority; (b) the last three years of performance evaluations;

(c) written test scores; and (d) interview scores. When positions open within the WPD, leadership may offer promotions in order of rank or skip an eligible candidate in favor of a lower ranked applicant on the list. If a candidate is skipped, the WPD must submit a letter to the individual explaining why he or she was not selected.

After the scores for sergeant applicants were analyzed for the 2017–2018 promotion cycle, Mar ranked eighth out of fifteen candidates. The seven applicants ranked above her were promoted to open positions between March 1 and November 4, 2017. Each of these individuals were male. Another sergeant vacancy did not become available until February 3, 2018. The WPD did not fill the opening during the 2017–2018 cycle, which concluded on February 28, 2018. Instead, this position was filled as the first opening in the 2018–2019 hiring period.

Mar filed an initial complaint on December 4, 2019, followed by an amended complaint on May 8, 2020, alleging the City committed several violations of federal and state antidiscrimination laws. Included in these allegations was a Title VII gender discrimination claim based on the Department's failure to promote her to sergeant during the 2017–2018 hiring period. *See* 42 U.S.C. § 2000e-2.[1] Mar asserted the department effectively and improperly skipped her for a role that was available and for which she was qualified. She did not argue the ranking system or her rank itself was discriminatory. In response to her complaints, the City moved for summary

---

[1] Mar's additional allegations included race, age, gender, and national origin discrimination claims spanning multiple promotional and appointment opportunities from 2017 to 2020.

3

judgment. In granting the City's motion on all claims, the district court concluded Mar did not satisfy her prima facie burden for her 2017–2018 failure-to-promote claim.[2] Specifically, the court determined she was not rejected for any spot that was filled during the 2017–2018 promotional cycle. It further concluded Mar did not take the opportunity to apply for the next cycle in which the disputed opening was filled, and no evidence indicated WPD officials anticipated who would apply for the vacancy.[3] This appeal addressing the WPD's failure to promote Mar in 2018 followed.

### III.   Analysis

We review district court summary judgment determinations de novo, applying the same standards employed by the district court. *Punt v. Kelly Servs.*, 862 F.3d

---

[2] The district court acknowledged, however, that Mar satisfied the prima facie burden for her 2020 failure-to-promote claim based on gender discrimination. Unlike the cycle at issue here, Mar was skipped in favor of other sergeant candidates in 2020. For this claim, the district court proceeded to analyze pretext under the *McDonnell Douglas* burden shifting framework and concluded the City successfully met its burden of showing a legitimate, nondiscriminatory reason for not promoting Mar. The district court determined the Department's decision was not pretextual.

[3] Mar suggests the district court also required her to demonstrate the vacancy at issue was filled by a man as a part of her prima facie case of gender discrimination. It is not clear from the district court's order if this assertion is true. Nonetheless, a female employee is not required to prove a man filled a promotional vacancy to establish a prima facie case of gender discrimination under Title VII. *See E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1195 (10th Cir. 2000). To the degree the district court erred, the error is harmless because Mar has failed to show she was rejected in a manner giving rise to an inference of unlawful discrimination and, therefore, has not established her prima facie case regardless of whether a man filled the relevant sergeant opening. *See infra* Part III; *Amro v. Boeing Co.*, 232 F.3d 790, 797 (10th Cir. 2000).

1040, 1046 (10th Cir. 2017). "Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013). "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1261 (10th Cir. 2022) (quotation omitted).

      Mar's Title VII allegation does not offer direct evidence of discrimination, and therefore is subject to the *McDonnell Douglas* burden-shifting framework. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013). Under this scheme, the burden falls first on the employee to make a prima facie showing of discrimination by the employer. *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997). If the employee is successful, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse action. *Id.* If the employer satisfies this burden, the employee must respond by demonstrating why the given reason was pretext for the underlying discriminatory action. *Id.* "To state a prima facie case of discrimination under *McDonnell Douglas*, a plaintiff must demonstrate by a preponderance of the evidence that (1) she belongs to a protected class; (2) she applied for an available position for which she was qualified; [and] (3) she was rejected under circumstances which give rise to an inference of unlawful

5

discrimination." *Tabor*, 703 F.3d at 1216 (quotation omitted); *see also Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1215 (10th Cir. 2022).[4]

Mar satisfies the first two elements of her prima facie claim. As a woman, she is a member of a protected class under Title VII. *See* 42 U.S.C. § 2000e-2; *Sprague*, 129 F.3d at 1361–62. Further, she successfully applied for the position of sergeant during the 2017–2018 promotional period. Her score, ranking, and prior work history demonstrate she was qualified for the position. *See Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1274 (10th Cir. 2006) (to show qualification an employee "need only establish that [s]he does not suffer from an absolute or relative lack of qualifications" (quotation omitted)).

---

[4] Given that "the articulation of the plaintiff's prima facie test might vary somewhat depending on the context of the claim," several iterations of the standard exist for failure to promote claims arising under Title VII. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). For instance, the district court employed the standard announced in *Sprague*, requiring an employee to "show that there were promotional opportunities available that were filled by males, that she was qualified for promotion, and that despite her qualifications she was not promoted." 129 F.3d at 1362 (quotation omitted). Both parties, however, advocate for a version of the standard which expressly includes that the relevant position "remained open or was filled." *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995). Regardless, "[t]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" *Kendrick*, 220 F.3d at 1227 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–54 (1981)). Mar has failed to demonstrate she has suffered an adverse employment action of this sort. Accordingly, we need not conduct an exhaustive evaluation of each possible articulation of the standard in this case.

Contrary to Mar's arguments, however, she has not shown the type of adverse action required to establish the third element of her prima facie case. In the context of this unusual promotional system, none of the standard indicia of rejection were present. Most importantly, Mar never received a union mandated letter indicating she was not selected for promotion, and the position went unfilled for the remainder of the 2017–2018 hiring cycle. *See e.g.*, *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003) (whether position was filled impacts adverse action analysis). No lower ranked candidate was selected ahead of Mar during the time she was eligible for promotion, and she presents no other evidence indicating she was rejected from filling the vacancy. These facts are in stark contrast with the 2020 promotional cycle, in which Mar successfully established her prima facie case, in part, by showing she had been skipped in favor of lower ranked candidates.

Mar contends she was effectively, if not explicitly, rejected from promotion by the absence of action taken by the Department when the final sergeant opening became available. Even assuming that the WPD's inaction amounted to rejection, Mar still fails to offer evidence indicating the rejection gave rise to an inference of unlawful discrimination. The position became available near the end of the promotional cycle and was filled as the first vacancy in the following period. Mar elected not to apply for the next cycle and presents no evidence the Department deviated from typical protocol by rolling the position to the next cycle. As the district court noted, Mar also did not demonstrate WPD leadership knew of or controlled the applicant list for the vacancy in the upcoming cycle. Under the specific

circumstances presented by the WPD's yearly promotional system, the contested vacancy was not filled while Mar was an eligible candidate, and she did not avail herself of the opportunity to be considered for the position when it was filled. Absent any additional evidence supporting an inference of discrimination, we cannot presume it is "more likely than not" that the Department based their decision "on the consideration of impermissible factors." *Burdine*, 450 U.S. at 254.[5] Accordingly, this court concludes Mar failed to establish a prima facie case of gender discrimination for her 2017–2018 failure to promote claim.

## IV.   Conclusion

The judgment entered by the United States District Court for the District of Kansas is hereby **affirmed**.

                                                        Entered for the Court

                                                        Michael R. Murphy
                                                        Circuit Judge

---

[5] Mar's briefing relies heavily on our ruling in *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999). There, "absent other explanation" we concluded if a plaintiff proves he or she is qualified and a vacancy exists, that is sufficient "to create an inference that the decision was a discriminatory one." *Id.* at 1139 (quotation and alteration omitted). Here, Mar was qualified and a vacancy existed. The unusual nature of the WPD's promotional system, however, provides a reasonable explanation why the presence of these two factors alone does not create an inference of unlawful discrimination. The vacancy arose near the end of the 2017–2018 promotional cycle, was filled in the succeeding cycle, and Mar did not apply for promotion in that later cycle.